UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------

United States of America,

   Plaintiff,

vs.

Robert Dale LaTourell, Jr. (1), Melinda
May LaTourell (2), and Melissa Ann
LaTourell (3),

   Defendant.

---------------------------------

Case No.: 20-mj-0687 (WMW/LIB)

**DEFENDANTS MOTION
TO TRANSFER THE PLACE
SET FOR TRIAL**

## MOTION

 Defendants, and all of them, by and through their respective counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 18, to transfer the place set for trial from St. Paul, Minnesota to Duluth, Minnesota. If the Courthouse in Duluth is not available on the currently set trial date then defendants request the trial be set in that same Courthouse in Duluth for the first date available and convenient for the Court. Defendants hereby waive all rights under the Speedy Trial Act.

## FACTS

 Defendants are all charged with a conspiracy to violate the Lacy Act, in particular, the taking of bait fish from Canadian waters contiguous to the Boundary Waters Canoe Area in northernmost Minnesota. The closest town to the activities complained of is Ely, Minnesota, which is a short distance from the Canadian border. All of the defendants and their families reside within this immediate area. Counsel is presently aware of forty potential witnesses all of whom live in either, Ely or Babbitt, which is also in the same area.

All of the defendants are of modest means, have families and cannot afford the expenses of traveling to and staying in St Paul. Duluth is commutable for each of them and can be accessed within one and one half hours at the most, while St. Paul represents a four to five hour drive and is not commutable. Melissa has two children, the youngest of whom is severely handicapped and needs constant supervision while being prone to repeated emergencies. The three siblings who are charged in the case have two parents that are aged 88 and 85 and are constantly in need of help for physical problems and the tasks of day to day living. These needs are tended to by the three defendants.

Additionally, the business that all three participate in operating, and is the basis of these charges, will suffer greatly by the absence of all three for a protracted period of time. Being able to return to the business in the evenings of the trial will greatly alleviate that problem as well. The defense estimate that the trial will last for two weeks. The Court would have no way of knowing these matters and could not have considered them when setting the place of trial. The defense has always assumed that the trial would take place in what would be the Northern Division. The pretrial proceedings took place in the Duluth Courthouse before the local United States Magistrate. Any fact witnesses the Government would call would come from the same area as any the defendants would call. The United States Attorney has facilities in the Courthouse in Duluth as does the Court.

The District Court of Minnesota has divided the jury panels into six divisions with the fifth division being jurors from the area where the alleged crime took place. The geography and topography of the area where St. Paul jurors and fifth division jurors live is totally dissimilar. It is presumed that the vast majority of potential jurors from the St. Paul area have never seen the Boundary Waters Canoe Area while it is presumed to the contrary for those from the fifth

division.

## ARGUMENT

Rule 18 has a history. Originally it provided for a trial to take place within the district and division where the crime allegedly took place. Over the years, based upon changing populations and geographical issues, the law was changed to coincide only with the constitutional requirement that a defendant be tried within the district where the crime took place. It has always been recognized that the closer to home the defendant stands trial the better it is. The ability to fix the place of trial within the district is not unfettered however. Rule18 reads:

" Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and witnesses, and the prompt administration of justice."

Based upon the obviousness of contemporary court calendars and case loads it is assumed that Courts, including this Court, set trials as they can, when they can. It is clear that unless it is brought to the Court's attention the convenience of the defendants and witnesses is unknown to the Court. Once known, pursuant to Rule 18, the convenience of the defendant, defense witnesses, and any victim must be considered. There is no identifiable victim in the matter at bar. This case creates more than a convenience, it creates a necessity.

In *United States v Burns*, 662 F. 2d 1378 (CCA 11 1981) the Court recognized that it is the public policy of this country that a person not be sent into a strange area to defend themselves against the powerful prosecutorial resources of the Government. That case involved the setting of trial in Birmingham rather than Huntsville, Alabama. That is less than half the drive time from

Ely to St. Paul. In reversing the conviction the Court in *Burns*, stated that they had little doubt that it was more efficient to set all trials in the Northern District of Alabama in Birmingham and that they were aware, as in this matter re St. Paul, that most parties preferred to be tried in Birmingham, but that such a setting was improper in the face of a timely motion.

In *United States v Stanko*, 528 F.3rd 581 (CCA 8 2008) the Eighth Circuit agreed with the Eleventh Circuit reversing the conviction of the defendant when there was no showing that the Court below had considered the convenience of the defendant and witnesses when it denied defendant's possibly untimely motion to move a trial from Omaha to North Platte. The Court made short shrift of the Governments argument on appeal that the defendant could show no prejudice. The Court cited with satisfaction, *Dupoint v United States*, 388 F2d 39 (CCA 5 1967) ("holding that it is the public policy of this country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of Government"). To those who dwell in the wilds of the Canadian border, St. Paul and its' suburbs is, indeed a strange locality.

Respect for the presiding Judge in the case at bar makes citing the seminal case on this issue awkward but, the welfare of clients weighs heavy. The convenience of the Court is irrelevant and that is so for the convenience of the lawyers as well. As stated above, it is the actual convenience and fairness of and to the defendants, and any possible victims, that matters. *United States v Fernandez*, 480 F2d 726, (CCA 2 1973). In Fernandez, the distance in issue was about twenty miles and the operative issue was habit of the Judges of the Eastern District of New York. The Circuit made the issue clear. Neither the convenience of the Court, the Government nor the habit of either mattered. The Rule demands consideration of the Defendant's needs.

                                                          Respectfully submitted,

                                                          JOSEPH S. FRIEDBERG, CHARTERED

Dated: *January 11, 2022*                By: *s/ Joseph S. Friedberg*
                                                            Joseph S. Friedberg
                                                            Attorney I.D. No. 32086
                                                            Attorneys for Defendant
                                                            701 Fourth Avenue South, Suite 300
                                                            Minneapolis, Minnesota 55415
                                                            Telephone: (612) 339-8626